IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSEPH LEE JONES,

                    Plaintiff,

          v.                        CASE NO.  14-3078-SAC

UNITED STATES COPYRIGHT OFFICE
COMMISSIONER OF COPYRIGHTS,

                    Defendant.


<u>REPORT AND RECOMMENDATION ON IFP MOTIONS AND FOR DISMISSAL OF
COMPLAINT AND ORDER ON OTHER MOTIONS</u>

     This matter is before the court upon plaintiff's pro se
civil complaint and other filings including his two motions to
proceed in forma pauperis (IFP)(Docs. 3 & 11).[1]  Having
considered all materials filed by plaintiff, the court rules as
follows.


I.  IFP Motions

     Under 28 U.S.C. § 1915(a), a federal court may authorize
commencement of an action without prepayment of fees, costs,
etc., by a person who lacks financial means.  28 U.S.C. §
1915(a).  In so doing, the court considers the affidavit of

---

[1]     Plaintiff submitted his IFP motion with his complaint but did not
submit the requisite financial affidavit (Doc. 10) in support until over a
month later.  He recently submitted a second Motion to proceed Without
Prepayment of Fees (Doc. 11).

1

financial status included with the application.  See *id*.  There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000)(denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, plaintiff indicates he is 38 years old, single with no dependents, and unemployed. He does not own any real property or a vehicle and does not have cash on hand.  On the other hand, he lists a significant monthly Social Security benefit and indicates that he has no monthly expenses including the typical ones such as rent, groceries, gas, and insurance.  He lists one debt from a car accident in the amount of $20,000 but no monthly payment on this debt. Plaintiff provides no explanation for how he addresses his food and shelter needs.  He has never filed for bankruptcy.

2

Considering all the information in the financial affidavit, the court finds that plaintiff has not established that his access to the courts would be seriously impaired if he is not granted IFP status.  His monthly income from Social Security exceeds his stated monthly expenses by at least 600 dollars.  He has not shown that he is unable to pay the filing fee for this action of $400.00.  Under these circumstances, the undersigned Magistrate Judge recommends that plaintiff's motions for IFP status be denied.[2]

## II.  Screening of Complaint

It has long been established that *sua sponte* dismissal of a pro se complaint tendered for filing IFP is proper when the complaint is frivolous or malicious on its face.  See *Neitzke v. Williams*, 490 U.S. 319, (1989);[3] *Hall v. Bellmon*, 935 F.2d 1106,

---

[2]     A United States Magistrate Judge, on a motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the party is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal.  *Lister v. Department of Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

[3]     Prior to enactment of the Prisoner Litigation Reform Act (PLRA), screening of a pro se IFP complaint filed by a non-prisoner proceeded under 28 U.S.C. § 1915(d), which allowed *sua sponte* dismissal as frivolous.  In *Nietzke*, the U.S. Supreme Court discussed the history and standards for review of IFP complaints:

> The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts.  (Citations omitted).  Toward this end, § 1915(a) allows a litigant to commence a civil . . . action in federal court in

1108 (10th Cir. 1991); see also 28 U.S.C. § 1915(a)(1); *Lewis v. Center Market*, 378 Fed.Appx. 780, 784 (10th Cir. 2010)(unpublished)(citing 28 U.S.C. § 1915(a)); *Lister*, 408 F.3d at 1312 ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."). Currently, 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of an IFP complaint if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief

---

forma pauperis . . . . Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. (Citation omitted).

. . . The Courts of Appeals have, quite correctly in our view, generally adopted as formulae for evaluating frivolousness under § 1915(d) close variants of the definition of legal frivolousness which we articulated in the Sixth Amendment case of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). There, we stated that an appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Id.*, at 744, 87 S.Ct., at 1400. By logical extension, a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, § 1915(d)'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitze*, 490 U.S. at 324-25.

against a defendant who is immune to such relief. A number of courts have held that this section authorizes dismissal of complaints filed IFP without regard to whether the plaintiff is a prisoner. See e.g., *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike")(citing § 1915(e)(2)(B)); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Atamian v. Burns*, 236 Fed. Appx. 753, 754 (3rd Cir. 2007)("[T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners.").[4] The Tenth Circuit has held that its language in *Lister*, requiring the IFP movant to show a non-frivolous argument on the law and facts, did not create "an affirmative obligation on the part of the district court" to review claims prior to the IFP determination. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Thus, the district court has

---

[4]   Even courts noting that "28 U.S.C. § 1915, as amended in 1996, does not explicitly authorize preanswer screening to decide whether a nonprisoner complaint is 'frivolous or malicious'," have reasoned that "such preanswer screening has long been part of the *in forma pauperis* process for prisoner and nonprisoner cases alike. (citing see *Neitzke* [490 U.S. at 319])(applying 28 U.S.C. § 1915(d) before the 1996 amendments))." See e.g., *Kane v. Lancaster County Dept. of Corrections*, 960 F.Supp. 219, 221-22 (D. Neb. 1997). The court in *Kane* found, "[i]t appears that former 28 U.S.C. § 1915(d), which *Neitzke* interpreted, was redesignated (and amended) as 28 U.S.C. § 1915(e). *Id.* (citing see Historical and Statutory Notes, 28 U.S.C.A. § 1915 (West Supp. 1997) (Pub.L.104-134, § 101[(a)][§ 804(a)(2)], redesignated former subsection (d) as (e)). They concluded, "[i]t is, therefore, impossible to believe that Congress intended to limit the practice of preanswer "frivolous and malicious" screening to prisoner cases because of the 1996 amendments." *Id.*

discretion to screen a complaint filed IFP to determine if it

"presents a reasoned, nonfrivolous argument on the law and

facts" and the flexibility to do so either in conjunction with

the IFP determination or at any time thereafter.  In this case,

it is recommended that the district court exercise its

discretion to screen plaintiff's complaint along with the IFP

determination because the complaint on its face fails to state a

plausible claim.  See *Lister*, 408 F.3d at 1312.

"Factual allegations" in a complaint "must be enough to

raise a right to relief above the speculative level" and must be

a "'plain statement' possess[ing] enough heft to 'sho[w] that

the pleader is entitled to relief.'"  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 557 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v.*

*Iqbal*, 556 U.S 662, 678 (2009).


III.  **Nature of the Matter before the Court**

This pro se civil action was filed by plaintiff while he

was an inmate at the Larned Correctional Mental Health Facility.[5]

---

[5]   Plaintiff filed a notice of change of address, and his new address
appears to be residential.  Kansas Department of Corrections records
available on-line (KASPER) show that Mr. Jones was released from prison on

In the caption, plaintiff names as defendant the "U.S. Copyright Office Commisoner (sic) of Copyrights."  He alleges in his complaint that he submitted a work entitled "A.I. Avatars" to the "U.S. Copyright Office," but "the copyright search box says nothing about A.I. Avatars."  He complains that he has been unable to get a satisfactory response from the U.S. Copyright Office by way of U.S. mail or telephone but is directed to their website, and has been unable to get a "form C.O." from their website.

Plaintiff alleges that his claim arises under "U.S. Code Title 17" and that "the Copy Right Code says they have to respond, and mandatory deposit."  He asserts jurisdiction under 28 U.S.C. § 1331.  He seeks an order requiring the U.S. Copyright Office "to respond, and/or say how much money (he) needs to pay for his copyright or give him his waive of fees or anything."

## IV. Discussion

Plaintiff does not present an adequate legal basis for his claim.  He asserts "federal question jurisdiction," but the facts he alleges are not sufficient to state a claim under §

---

June 13, 2014.  Consequently, Mr. Jones does not appear to meet the PLRA's definition of a "prisoner" at this time and the PLRA no longer applies to this action.  Plaintiff's financial affidavit indicates that he is at the Osawatomie State Hospital.

1331.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A well-pleaded complaint shows federal-question jurisdiction by establishing "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012)(quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)); *Sac & Fox Nation of Oklahoma v. Cuomo*, 193 F.3d 1162, 1165-66 (10th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000)(Federal question jurisdiction must appear on the face of the complaint.).  The complaint must identify the statutory or constitutional provision under which the claim arises.  *Id.*  Plaintiff does not identify a particular statutory provision or statutory language upon which his claim is based.  Instead, he references an entire Title or Code and simply contends that this action arises thereunder.[6]  Plaintiff's allegation that that "the Copyright Code" and "Title 17" "says they have to respond" is nothing more than a conclusory

---

[6]   "Title 17. Copyrights" begins at 17 U.S.C. § 401 and has 12 sections, which is followed by sections on Infringement of Copyrights beginning at 17 U.S.C. § 501.  The court is not obliged to parse this entire Code and the agency's implementing regulations to determine if there is a provision entitling plaintiff to relief and has not located such a provision.

statement.   Plaintiff's allegation of "mandatory deposit" is equally vague, as the meaning of this phrase is neither explained in the complaint nor evident.[7]

Nor do the facts alleged in the complaint evince a claim under the U.S. Constitution.[8]  "There is no constitutional right to copyright registration."  See *Darden v. Peters*, 488 F.3d 277, 284 (4th Cir. 2007), *cert. denied*, 552 U.S. 1230 (2008). "Copyright is solely a creature of statute" and "whatever rights and remedies exist do so only because Congress provided them." *Id.*

Plaintiff clearly fails to state sufficient facts to support his claim for injunctive relief.  He generally complains of agency inaction.   However, he must comply with certain

---

[7]  Plaintiff attached an exhibit to a later filing that indicates this phrase refers to a copyright holder's eventual obligation to submit a copy of his copyrighted "work" to the Library of Congress.  Plaintiff does not explain how this phrase bolsters his claim for relief.

[8]  The complaint is also devoid of facts establishing that this court has personal jurisdiction over the defendant.  Plaintiff has not asserted diversity jurisdiction.
    Nor does plaintiff seek review under the Administrative Procedure Act (APA).  See 5 U.S.C. § 702 (authorizing "relief other than money damages" to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action").  Before APA review may be sought in federal court, the agency action must be "final."  5 U.S.C. § 704.  In addition, administrative remedies must have been exhausted.  Moreover, in order to invoke jurisdiction under 5 U.S.C. § 706(1), a plaintiff must demonstrate that the agency failed to perform an act that was legally required.  *Norton v. SUWA*, 542 U.S. 55, 63 (2004)(Section 706(1) "empowers a court only to compel an agency 'to perform a ministerial or nondiscretionary act.'. . .").  Plaintiff's allegations meet none of these criteria.

statutory requirements[9] before the agency is required to process or determine the validity of his "claim" (application) for certification of copyright.[10]   Plaintiff's allegations in his complaint utterly fail to show that he has met the statutory prerequisites.

Plaintiff alleges that he submitted "A.I.Avatars" to the U.S. Copyright Office, but does not provide the date on which his "work," claim (application), and fee were mailed.   It obviously takes time for each copyright claim to be processed and determined.[11]   Plaintiff alleges no facts to indicate that

---

[9]   A plaintiff complies with statutory formalities of copyright registration by submitting a complete application for registration, fee, and deposit to the Copyright Office. *Geoscan, Inc. v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000).  Copyright ownership is shown by: (1) proof of originality and copyrightability, and (2) compliance with the applicable statutory requirements.  See *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 407–408 (5th Cir. 2004).

[10]   Under 17 U.S.C. § 410, the Register of Copyrights is to register the claim and issue a certificate if the Register determines that "the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of Title 17 have been met.  On the other hand, if the Register determines that "the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason" then the Register is to "refuse registration and notify the applicant.

[11]   The Registration program examines all applications and material presented to the Copyright Office for registration and determines whether the material deposited constitutes copyrightable subject matter and whether the other legal and formal requirements of title 17 have been met.  37 C.F.R. 203.3(b)(2).  "The Register of Copyrights does not perform a mere clerical function of recording applications." *Alaska Stock LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 683 (9th Cir. 2014).  "Instead, the Register makes a judgment after examining an application." *Id.*

the agency has improperly failed or refused to act within the normal time it takes for this process.[12]

Furthermore, plaintiff has not alleged facts indicating that he submitted a single application or that he submitted his application on the correct form.[13]  See 17 U.S.C. § 409.  The exhibits he has submitted in this action of multiple applications on different types of forms suggest otherwise.[14]

Nor does plaintiff state facts or show that he submitted a valid "Deposit for Copyright Registration," which is "one complete copy" of his "unpublished work."  See 17 U.S.C. § 409(b)(1).  With his complaint and other filings in this case, he has exhibited jumbled batches of personal writings, hand-

---

[12]  On July 21, 2014, the official website of the U.S. Copyright Office, www.copyright.gov, provides the following information:

The time the Copyright Office requires to process an application varies . . . .  Current processing times are:

Processing Time for e-filing: generally, 3 to 5 months

Processing Time for Paper Forms: generally, 7 to 13 months

[13]  Plaintiff at times states his claim as that he is being denied a Form C.O.  However, the information he exhibits from the Copyright website and the website itself do not list a Form C.O.  Nor does 37 C.F.R. § 202.3(b), entitled "Administrative classification and application forms," list such a form.  Perhaps that is why he received a message directing him to provide the form number rather than a Form C.O.  Plaintiff does not describe what a Form C.O. is and why he feels he must use it.  The eCO form is an on-line form, which he has said he is unable to use.  The court may take judicial notice of information that is a matter of public record.  *See Powell v. Rios*, 241 F. Appx. 500, 501 n.1 (10th Cir. 2007).

[14]  Plaintiff exhibits at least five different application forms that he filled out, each of which has been designated by the Register for different types of works.  37 C.F.R. § 202.3(b)(11) provides that as "a general rule only one copyright registration can be made for the same version of a particular work."

drawn and printed graphics, and printed articles on avatars and other matters.  He has not provided the court with a single, complete copy of his "work" as it should have been submitted to the agency.  If the disorganized and questionable materials received by the court are what Mr. Jones submitted to the agency and they were sent in bundles at different times like to the court, it appears highly unlikely that he submitted a valid "deposit."  In addition, the numerous exhibits plaintiff has submitted in this case certainly do not establish that he submitted a work that was copyrightable.[15]

Furthermore, plaintiff's own allegations indicate that he did not submit the scheduled fee to the agency along with his work, which is another of the prerequisites for consideration of his "claim."  See 17 U.S.C. § 708(1).  Plaintiff's bald

---

[15]    Many of plaintiff's exhibits are personal writings that may be described as delusional ramblings.  For example, he alleges that his writings are original and authentic because they have sprung from the voices he hears, and that he saw the movie "Avatars".  One of his writings suggests that all persons in the future will live forever as avatars and should have avatars of themselves created now.   Mr. Jones has informed the court of his mental illness and his recent release from a Correctional Mental Health Facility as well as his admission to the Osawatomie State Hospital.
    The United States Supreme Court held that the predecessor IFP statute Section 1915(d):

> accords judges not only the authority to dismiss a claim based on
> an indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are clearly
> baseless. . . .  Examples of the latter class are claims
> describing fantastic or delusional scenarios, claims with which
> federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28.

suggestion that he did not know the fee amount is refuted by his own exhibit providing the fee.  Likewise, his allegation that the agency has not waived the fee lacks the requisite details as to how he diligently attempted to obtain a fee waiver.  In sum, plaintiff has not alleged facts or provided exhibits showing that the "three necessary elements" of "the deposit, application, and fee required for registration" were "delivered to the Copyright Office in proper form."  See 37 C.F.R. 202.3(c)(2).

Finally, plaintiff fails to state a claim for damages.  He marked in his complaint that he seeks "actual damages" but did not specify an amount.  He has not described any injury that he sustained as a result of the agency's alleged failure to have acted upon his copyright application.[16]  Nor does he specify the date on which he was injured or by whom such injury was inflicted.  It is not clear whether plaintiff is seeking to sue the federal agency U.S. Copyright Office, or an official of that agency whom he refers to as Commissioner of Copyrights, or both.

---

[16]    The Fourth Circuit has described a copyright, which exists at the time an original work is created, and the purpose of registration:

> the author has a copyright in the work, and registration with the Copyright Office serves only supporting roles.  For instance, it provides evidence of a copyright, see [17 U.S.C.] § 410, and it is required as a condition to bringing suit, see id. § 411.

*Christopher Phelps & Associates, LLC v. Galloway*, 492 F.3d 532, 539 (4th Cir. 2007).

In either event, his claim for actual damages is effectively one against the United States and is therefore barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)("Official capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Sovereign immunity extends to governmental agencies and to their employees where such employees are sued in their official capacities. See *Fed.Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994). "Sovereign immunity is jurisdictional in nature," and absent a waiver of sovereign immunity, the court lacks subject matter jurisdiction to entertain plaintiff's claims for money damages against either the U.S. Copyright Office or its head official. See *id.* at 475.


**V.   Other Filings**

    Since his complaint was filed, Mr. Jones has submitted at least four additional filings that appear to be improper. See

14

(Docs. 4, 5, 6, 7).[17]  These filings are obviously intended to add allegations and claims, but none is a complete amended complaint on court-approved forms.  The court takes judicial notice from prior cases filed by Mr. Jones, that he has repeatedly been informed that he may not add significant allegations or claims except by filing a proper amended complaint and that an amended complaint completely supersedes the original complaint.

Plaintiff's Motion to Supplement and Amend Pleadings (Doc. 4) has been considered and is denied.  It is clear that plaintiff intends to simply add to his original complaint a party, claims, and more exhibits that include no explanation of import and more delusional ramblings.  Plaintiff has not submitted a proper amended complaint, and the allegations and materials in the motion are not shown to have "happened after the date of the pleading to be supplemented."  See Rule 15(d) of the Federal Rules of Civil Procedure.  Plaintiff's "Patent Request" (Doc. 5) has been considered and is denied for the same reasons.

Plaintiff has filed two documents entitled "Notice of Publishing" (Docs. 6 & 7).  Document 6 contains no significant

---

[17]    Mr. Jones is warned, not for the first time, that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice in his and other cases, and may result in sanctions if the court's warning goes unheeded.

information not already before the court.  Plaintiff's attached "essays" again contain delusional statements, are not explained, and add nothing to this case.   These materials will not be considered further.   Two other attachments to Doc. 6 are of note.   First, plaintiff's exhibit A (Doc. 6-2) pg. 5, is a publication of "Copyright Office Fees," which shows that he has knowledge of the applicable fee.   Second, plaintiff's exhibit One (Doc. 6-2) pg. 1-2, is a publication entitled "Copyright Basics," which informed Mr. Jones that "if you apply . . . using a paper application, you will not receive an acknowledgement that your application has been received (the Office receives more than 600,000 applications annually.)"   Plaintiff's "Publishing Part two *Boolean Algebra*" (Doc. 7) is similarly filled with insignificant and delusional statements, and is not considered further.

Plaintiff's Motion for Injunctive Relief and Request for Court Order (Doc. 8) has been considered and is denied.   In this motion, plaintiff asks the court to order the Copyright Office to send him "Form C.O." because he cannot e-file using "form eCO."   Plaintiff sets forth no facts to establish the four factors that would entitle him to any preliminary injunctive relief.

16

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Supplement and Amend Pleadings (Doc. 4), Motion for Patent (Doc. 5), and Motion for Injunctive Relief and Request for Court Order (Doc. 8) are denied.

**IT IS FURTHER RECOMMENDED** to the District Court that plaintiff's Motions for Leave to Proceed in forma pauperis (Docs. 3 & 11) be denied and that plaintiff be required to pay the filing fee of $400.00 in full within (30) days from the date of any district court order denying these motions or suffer dismissal of this action.

**IT IS FURTHER RECOMMENDED** to the District Court that if plaintiff pays the filing fee in full within the prescribed time, he be granted an additional thirty (30) days after such payment in which to cure the deficiencies in his complaint that have been discussed herein,[18] and that if he fails to cure the deficiencies this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[18] Plaintiff would then be required to file EITHER (1) a SINGLE "Response", not to exceed thirty (30) pages, showing cause why this action should not be dismissed for the reasons stated herein; or (2) a complete, proper amended complaint. If plaintiff chooses to file an amended complaint, it must be upon court-approved forms with the number of this case on the first page and have no additional "complaint" attached. The amended complaint will completely supersede the original complaint. Plaintiff is directed not to submit any additional unnecessary motions or exhibits or duplicative materials. If he ignores this directive, any such materials may be disregarded.

17

**IT IS FURTHER ORDERED** that a copy of this Report and Recommendation be sent to plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72 and D.Kan. Rule 72.14, plaintiff shall have ten days after service of a copy of this Report and Recommendation to serve and file with the U.S. District Judge assigned to the case his written objections to the findings and recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings and the recommended disposition.

The clerk is directed to send 1331 forms to Mr. Jones.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2014, at Topeka, Kansas.


David J. Waxse
**DAVID J. WAXSE**
U.S. Magistrate Judge

18