```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**JOSEPH LEE JONES,**

                  **Plaintiff,**

        v.                                CASE NO.  14-3078-SAC

**UNITED STATES COPYRIGHT OFFICE**
**COMMISSIONER OF COPYRIGHTS,**

                  **Defendant.**

                      **MEMORANDUM AND ORDER**

     Plaintiff filed this pro se civil complaint while he was an inmate at the Larned Correctional Mental Health Facility.[1] Plaintiff named the "U.S. Copyright Office Comisoner (sic) of Copyrights" as defendant and alleged that he had submitted a work entitled "A.I. Avatars" to the "U.S. Copyright Office" but had been unable to obtain a satisfactory response.  On July 25, 2014, Magistrate Judge David J. Waxse issued a "Report and Recommendation on IFP Motions and For Dismissal of Complaint" (Doc. 12)(hereinafter R&R) recommending that plaintiff's motions for IFP status be denied based upon his financial affidavits and dismissal of this action because the complaint on its face fails to state a plausible claim under 28 U.S.C. § 1331.  Plaintiff filed a timely objection to the proposed findings and

---

[1] Plaintiff filed a notice of change of address, and his new address is residential. Thus, it appears that he is no longer a prisoner.

1

recommendations. For the reasons explained below, the court grants plaintiff's objection with respect to his motions to proceed in forma pauperis, overrules plaintiff's other objection, and adopts the Report and Recommendation to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim in full.

**1. Motions to Proceed in forma pauperis**

Magistrate Judge Waxse recommended that plaintiff's Motions for Leave to Proceed in forma pauperis (Docs. 3 & 11) be denied based on his income and lack of indebtedness, and that plaintiff be required to pay the filing fee of $400.00 in full within (30) days from the date of any district court order denying these motions or suffer dismissal of this action. Plaintiff responded to this recommendation by "objecting" that the court should amend his IFP motion to show his expenses and find that he cannot pay the filing fee. He has also filed an Amended Affidavit of Financial Status (Doc. 14) and a Motion for Leave to Amend Financial Affidavit (Doc. 16). In his Amended Affidavit, plaintiff again lists his monthly Social Security benefits, but adds monthly expenses that were not included in his original affidavit. In his Motion to Amend Affidavit, plaintiff alleges that he did not list his expenses in his

original affidavit and also includes other incidental expenses. The court grants plaintiff's Motion to Amend his financial affidavit. Based upon the Amended Affidavit, plaintiff's motions to proceed in forma pauperis are granted.

**2. Objection to Report and Recommendation**

The court proceeds to consider plaintiff's objection to the substantive findings and recommendations in the Report and Recommendation. Upon objection to a magistrate judge's order on a dispositive matter, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). Objections are proper only if they are both timely and specific. An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 40, 147 (1985). If objections are not timely or properly made, the court has broad discretion to review the recommendation under any standard that it finds appropriate. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Because plaintiff

appears pro se in this case, the court has liberally construed his pleadings. However, liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts upon which a recognized legal claim could be based." *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997). Additionally, plaintiff's status as a pro se litigant does not excuse his pursuit of frivolous litigation in federal court.

The pleading that plaintiff entitled "Response to Report and Recommendation for Dismissal" (Doc. 15) contains only one sentence, unrelated to IFP matters, that may be read as an objection. This is plaintiff's statement that "the U.S. Copyright office still fails to mail Form C.O. so (he) can file his copyright." With this sparse objection, plaintiff ignores the findings in the R&R that the information he exhibited from the Copyright website, the website itself, and 37 C.F.R. § 202.3(b) entitled "Administrative classification and application forms," do not list a "Form C.O." Plaintiff also ignores the suggestion in the R&R that a message he received was directing him to provide the form number rather than "Form C.O." because there is no form C.O. This objection is nothing more than plaintiff's bald repetition of the claim in his complaint that he is unable to obtain a form C.O. Plaintiff fails to describe what a Form C.O. is and why he believes that he must use a Form

4

C.O. This objection is obviously not specific enough to enable this court to "focus attention" on the underlying "factual and legal issues" that are "at the heart of the dispute." See *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Mr. Jones simply provides no rationale for this court to reject or modify the recommended finding in the R&R that "form C.O." is not among the forms provided by defendant.

Furthermore, Mr. Jones makes no objection whatsoever to the other significant findings in the R&R, which may be summarized as follows: plaintiff failed to "identify a particular statutory provision or statutory language upon which his claim is based" and therefore fails to state a claim under 28 U.S.C. § 1331; the facts alleged in the complaint fail to "evince a claim under the U.S. Constitution"; plaintiff failed to state "sufficient facts to support his claim for injunctive relief"; plaintiff's allegations utterly fail to show that he complied with the "statutory formalities of copyright registration by submitting an application for registration, a fee, and deposit to the Copyright Office";[2] plaintiff failed to allege facts indicating that he submitted a single application or that he submitted his application on the correct form; and plaintiff "alleges no facts

---

[2] Under 17 U.S.C. § 410, the Register of Copyrights is to register the claim and issue a certificate if the Register determines that "the material "deposited" constitutes copyrightable subject matter and that the other legal and formal requirements of Title 17 have been met.

to indicate that the agency has failed or refused to act in a timely manner."

### 3. Exhibit: Amended Complaint

In the R&R, several improper filings by plaintiff were discussed and it was found that none was a proper amended complaint. Plaintiff now improperly includes in the title of his response or objection the words: "with Attached Amended Complaint" and attaches to his objection an "Amended Complaint." He does not otherwise mention the Amended Complaint in the response to which it is attached. The court finds that plaintiff did not properly submit this Amended Complaint for filing as a pleading, and in any event, the exhibited Amended Complaint is not substantially different from plaintiff's original complaint. It does not cure the many defects found in the original complaint.

### 4. Conclusion

The Court finds itself in complete agreement with the findings and conclusions reached in the Report and Recommendation, except with respect to plaintiff's Motion to Proceed in forma pauperis as previously explained. The Court has conducted a de novo review and agrees with Judge Waxse's

conclusion that plaintiff fails to state a claim upon which relief may be granted and seeks monetary damages against defendants who are immune to such suit. Plaintiff's objection is overruled, and the Court accepts the July 25, 2014 Report and Recommendation and adopts it as its own.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's substantive objection to the Report and Recommendation of Magistrate Judge Waxse (Doc. 15) is overruled; Judge Waxse's Report and Recommendation (Doc. 12) is adopted in its entirety, except with respect to plaintiff's IFP motions; and this action is dismissed and all relief is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend Financial Affidavit (Doc. 16) and plaintiff's motions to proceed in forma pauperis (Docs. 3 & 11) are granted.

**IT IS SO ORDERED.**

**Dated this 14th day of October, 2014, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**